## A. J. Fosdick v. D. S. Myers.

1. ESTOPPEL—*To Set up Gambling as a Defense to a Promissory Note.*—The purchaser of a promissory note, before maturity, notified the maker and was informed that the note was "all right" and would be paid by him, but that he wanted a little more time in which to pay it, upon which the purchaser surrendered the note and took a new one from him in lieu of it, upon which a judgment by confession was afterward entered. Upon a motion to open this judgment on the ground that the original note was given to cover losses sustained in gambling transactions in grain, carried on through the payee in the original note, *it was held* that the maker was estopped from insisting on his alleged defense to the original note and precluded from insisting on a right to have it re-opened and further litigated.

Motion to Open a Judgment Entered by Confession.—Heard in the Circuit Court of Livingston County; the Hon. GEORGE W. PATTON, Judge, presiding. Motion dismissed; appeal. Heard in this court at the December term, 1898. Order affirmed. Opinion filed April 11, 1899.

HOLLY & GRAVES, attorneys for appellant, contended that under our statute a gambling note is void even if assigned before maturity. Com. Bank v. Spaids, 8 Ill App. 493; Chapin v. Dake, 57 Ill. 296; Pearce v. Foote, 113 Ill. 228; R. S., Ch. 38, Secs. 254-5-6-8-9.

A contract which is void as being against public policy, can not be made valid by matter of estoppel. Langan & Noble v. Sankey, 55 Ia. 52; Brightman v. Hicks, 108 Mass.

246; 2 Beach on Contracts, 1498–9; Brown v. First Nat. Bank, 37 N. E. Rep. 158; Lynch v. Rosenthal, 42 N. E. Rep. 1103; International B. of C. v. Vankirk, 39 Ill. App. 23.

Or an act forbidden by law. Shenk v. Phelps, 6 Ill. App. 619; Durkee v. People, 53 Ill. App. 396, 155 Ill. 354.

A contract declared void by a statute can not be made good by ratification. 2 Beach, Cont., Sec. 53–4; Cummings v. Powell, 8 Tex. 85.

Estoppels are odious in the eye of the law, and parties depending thereon must make them out strictly. Keith v. Lynch, 19 Ill. App. 574; Althrop v. Beckwith, 14 Ill. App. 628.

N. J. PILLSBURY and H. E. TORRANCE, attorneys for appellee.

Even if the original note was tainted with illegality, taking that note up and giving a new one to an innocent purchaser, upon a request for further time, which was obtained, eliminated from the new note the illegality attaching to the former note. Brooks v. Brady, 53 Ill. App. 155; Puterbaugh v. Farrell, 73 Ill. 213; Mitchell v. Lyman, 77 Ill. 525.

The appellant is estopped by his conduct from having relief asked for. Am. and Eng. Ency. of Law, Vol. 7, p. 20, note, and authorities cited; Hefner v. Vandolah, 62 Ill. 483; Hefner v. Dawson, 63 Ill. 403.

MR. JUSTICE CRABTREE delivered the opinion of the court.

This was an appeal from an order of the Circuit Court refusing a motion of appellant to open a judgment by confession against him in favor of appellee, and for leave to plead. From the affidavits filed in the cause it appears on November 19, 1895, appellant executed to one H. B. McGregor a certain promissory note, to settle some differences between them arising out of transactions in grain; that before said note was due McGregor sold and assigned the same to appellee, who thereupon notified appellant that he had purchased the note, and was informed by appellant that the note was all right and would be paid by him, but that he wanted a little more time in which to pay it; that

thereupon, on December 11, 1896, appellant executed and delivered to appellee the note in controversy, and appellee gave up and surrendered to appellant the note the latter had previously given to McGregor. On June 1, 1897, judgment was entered upon the note given by appellant to appellee, by confession, for $128.29, which amount included the sum of $25 for attorney's fees. Execution was issued on the judgment, and appellant applied to one of the judges of the Circuit Court of Livingston County for an order staying the execution, which was refused. The execution was levied upon certain property of appellant, which was sold by the sheriff to satisfy three executions the latter then had in his hands against appellant, including the one in favor of appellee, and the proceeds of the sale were sufficient to satisfy all three of such executions, except about five or six dollars, which appellant voluntarily paid to the sheriff, and thereupon all three of said executions were returned satisfied in full. After all this was done appellant filed his motion to vacate the judgment and for leave to plead. The grounds of the motion are, that the original note was given to McGregor to cover losses appellant had sustained in bucket shop deals or gambling transactions in grain, carried on through McGregor, and that appellee knew when he purchased the note what its consideration was and had been told thereof by appellent. As to those matters there is a conflict in the evidence. Appellee insists he bought the note in good faith, and that he did not know it grew out of any gambling transaction. But whatever the facts or the truth may be as to the consideration of the original note given to McGregor, we are of the opinion the motion in the present case came too late and was properly denied. Appellant does not dispute the fact that after appellee purchased the note from McGregor, he told him it was all right and that he would pay it if he had a little more time. This appellee assented to, extended the time and took a new note, surrendered the old one, thereby giving up any right of recourse he might have had against McGregor as indorser, and being placed in altogether a different position

to that which he would have occupied had appellant insisted on a defense to the original note. It seems to us the facts of this case are such that appellant ought now to be estopped from insisting on his alleged defense to the original note. The only excuse he makes for telling appellee the old note was all right, and giving the new note to take it up, is, that he was ignorant of the law which gave him the right to interpose the defense he now insists upon. This excuse can not avail him. Ignorance of the law excuses no man. There was no mistake or ignorance of the facts, and had he insisted upon his defense to the original note appellee would not have been misled to his possible injury. Again, by voluntarily paying the amount due on the judgment, thereby satisfying the same, we think he should now be precluded from insisting on a right to have it re-opened and further litigated.

Further, the affidavits as a whole, do not satisfy us that appellant has any meritorious defense, even to the original note, and under the authorities this is absolutely essential to a right to have the judgment opened.

We think the action of the court in refusing the motion was right and the order will be affirmed.